ROB BONTA
Attorney General of California
MYUNG J. PARK
Supervising Deputy Attorney General
MICHAEL S. DORSI (CA Bar Number: 281865)
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
Tel: (415) 510-4400
E-mail: Michael.Dorsi@doj.ca.gov
*Counsel for Plaintiffs California Department of
Forestry and Fire Protection's Office of State Fire
Marshal*

*Additional counsel listed on following page*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, and the PEOPLE OF THE STATE OF CALIFORNIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PLAINS ALL AMERICAN PIPELINE, L.P. and PLAINS PIPELINE, L.P., <br><br> Defendants. | Case No. 2:20-cv-02415-SVW-SSCx <br><br> **CALIFORNIA PLAINTIFFS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF EX PARTE EMERGENCY MOTION TO ENFORCE CONSENT DECREE** <br><br> Dept:    10A <br><br> Action Filed: Mar. 13, 2020 <br> Judgment: Oct. 14, 2020 |

*United States of America and the People of the State of California v.*
*Plains All American Pipeline, L.P. and Plains Pipeline, L.P.*

ERIC M. KATZ
Supervising Deputy Attorney General
MICHAEL T. ZARRO (CA Bar Number: 110171)
JAKE GOLD (CA Bar Number: 347131)
Deputy Attorneys General
300 South Spring Street, Suite 1702
Los Angeles, California 90013
Tel: (213) 269-6327
E-mail: Michael.Zarro@doj.ca.gov
*Counsel for Plaintiff California Department of
Forestry and Fire Protection's Office of State Fire
Marshal*

JESSICA TUCKER-MOHL
Supervising Deputy Attorney General
MATTHEW STRUHAR (CA Bar Number: 293973)
Deputy Attorney General
1300 I Street, Suite 125
Sacramento, California 95814-2951
Tel: (916) 210-7246
E-mail: Matthew.Struhar@doj.ca.gov
*Counsel for Plaintiff California Department
of Parks and Recreation*

*United States of America and the People of the State of California v.*
*Plains All American Pipeline, L.P. and Plains Pipeline, L.P.*

-1-

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS:

PLEASE TAKE NOTICE that Plaintiffs People of the State of California ex rel. California Department of Forestry and Fire Protection's Office of the State Fire Marshal and California State Parks supplement their March 16, 2026 request for judicial notice.

After the California Plaintiffs filed their motion for emergency relief on March 16, 2026, Sable invoked the force majeure provisions in the Consent Decree, and then relied on that notice in their opposition to the California Plaintiffs' motion.  As provided in Consent Decree paragraph 47, the Office of State Fire Marshal provided its response to Sable's notice, which is attached hereto as Exhibit R.

Dated:  March 18, 2026                    Respectfully submitted,

ROB BONTA
Attorney General of California
MYUNG J. PARK
ERIC M. KATZ
JESSICA TUCKER-MOHL
Supervising Deputy Attorneys General

*/s/ Michael S. Dorsi*
MICHAEL DORSI
Deputy Attorney General
*Counsel for Plaintiffs State of California, et al.*

## **DECLARATION OF AUTHENTICATION**

As the attorney who prepared this Declaration, I attest that I am the author of Exhibit R and sent this letter to counsel for Sable as indicated in accordance with the terms of the Consent Decree.

*/s/ Michael S. Dorsi*
MICHAEL DORSI
Deputy Attorney General

**EXHIBIT R**

*United States of America and the People of the State of California v. Plains All American Pipeline, L.P. and Plains Pipeline, L.P.*

-4-



CALIFORNIA
**DEPARTMENT** OF **JUSTICE**

*Rob Bonta*
*Attorney General*

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA  94102

Public:  (415) 510-4400
Telephone:  (415) 510-3802
Facsimile:  (415) 703-54080
E-Mail:  Michael.Dorsi@doj.ca.gov

March 18, 2026

**VIA EMAIL ONLY**

Anthony C. Duenner
Executive Vice President, General Counsel and Secretary
Sable Offshore Corp.
845 Texas Ave., Ste. 2920
Houston, Texas 77002
aduenner@sableoffshore.com

RE:    *UNITED STATES, et al. v. v. PLAINS ALL AMERICAN PIPELINE, L.P., et al.*
       United States District Court, Central District of California, Case No. No. 20-cv-02415

Dear Mr. Duenner:

I am in receipt of your letter dated March 17, 2026 in which you assert on behalf of Sable Offshore Corporation that PHMSA's December 2025 determination that Lines 324 and 325 are part of an interstate pipeline, and the Secretary of Energy's March 13, 2026 order under the Defense Production Act, are "force majeure" events under the Consent Decree in the above entitled case. On behalf of the Office of State Fire Marshal, we disagree.

The Consent Decree defines a force majeure event in part as "any event *arising from causes beyond the control of Defendants*, of any entity controlled by Defendants, or of Defendants' contractors that delays or prevents the performance of any obligation under this Consent Decree despite Defendants' best efforts to fulfill the obligation." ECF 6-1 (Consent Decree) ¶ 44, emphasis added. Neither the PHMSA jurisdictional determination nor the DPA order are events arising from causes beyond Sable's control. In both instances, Sable expressly requested that PHMSA and then the Department of Energy take the actions which Sable now contends were "beyond its control."[1] No plausible reading of Paragraph 44 contemplates that Sable can create its own events, and then claim those events are beyond its control. As such, the force majeure clause has no applicability to the present circumstances.

---

[1] See Sable's Form 8-K, Dec. 1 2025 (Sable requested PHMSA find that Lines 324 and 325 are part of an interstate pipeline) (accessible at
https://www.sec.gov/Archives/edgar/data/1831481/000183148125000115/socc-20251126.htm);
50 Op. O.L.C. (Mar. 3, 2026) (slip. op. at 3, n.6) (Sable requested DPA Letter)

March 18, 2026
Page 2

Moreover, the force majeure clause requires the party seeking its protection to make "best efforts to fulfill the obligation." Sable has not made best efforts to full its obligation under the Consent Decree to obtain state waivers and approval of a restart plan from the Office of State Fire Marshal. In fact, on February 26, 2026, Sable's outside counsel sent a letter to the Office of State Fire Marshal stating that it "relinquishes, surrenders, and abandons the State Waivers." For this independent reason, the force majeure clause does not apply to these circumstances.

Furthermore, the Consent Decree provides for a strict process by which a party may invoke the force majeure clause (paragraphs 45-48), and by which a dispute over that invocation—such as our dispute here—must be resolved (paragraphs 48-56). Sable—which agreed to be bound by the Consent Decree when it acquired the pipelines—has not undertaken that process, and may not unilaterally determine that the force majeure clause applies and cease compliance with the Consent Decree without prior approval.

Sincerely,

MICHAEL S. DORSI
Deputy Attorney General

For    ROB BONTA
       Attorney General

cc:    Angela Mo (angela.mo@usdoj.gov)
       Stefan Bachman (stefan.bachman@usdoj.gov)
       Kathleen Maitland (kathleen.maitland@dot.gov)
       Benjamin Fred (benjamin.fred@dot.gov)
       Andrew Hemlinger (helmlinger.andrew@epa.gov)
       Clare Cragan (clare.cragan@sol.doi.gov)
       Ericka Hailstocke-Johnson (ericka.hailstocke-johnson@noaa.gov)
       David M. Dubay (David.M.Dubay2@uscg.mil)
       Laura Reimche (Laura.Reimche@.parks.ca.gov)
       Patrick Huber (Patrick.Huber(a)slc.ca.gov)
       Michael T. Zarro (Michael.Zarro@doj.ca.gov)
       Jake Gold (Jake.Gold@doj.ca.gov)
       Matthew Struhar (Matthew.Struhar@doj.ca.gov)
       Elizabeth St. John (Elizabeth.stjohn@doj.ca.gov)
       Sahar Durali (Sahar.Durali@doj.ca.gov)

LA2019502930
39719777