UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-02415-SVW-SSC | Date | March 23, 2026 |
|---|---|---|---|

| Title | *United States of America et al v. Plains All American Pipeline L.P. et al* |
|---|---|

Present: The Honorable    STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**    ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR AN EMERGENCY ORDER [43].

On March 16, 2026, the California Department of Forestry and Fire Protections Office of State Fire Marshal and the California Department of Parks and Recreation ("California Plaintiffs") filed an *ex parte* application, requesting this Court on an emergency basis to enjoin Sable Offshore Corp and Pacific Pipeline Company (collectively, "Sable") from restarting or continuing the operation of oil pipelines 324 and 324 (formerly 901 and 903). ECF No. 43. Sable is a nonparty to the case, but a successor in interest to Defendant Plains All American Pipeline L.P., and Sable has agreed to be bound by the provisions of the Court's Consent Decree that limit Sable's ability to restart operation of the pipelines. With less than a day's notice, Sable (and co-plaintiff United States of America) filed oppositions. ECF Nos. 44-45. For the reasons outlined below, the Court herein finds California Plaintiffs' application to be procedurally improper and denies emergency injunctive relief.

In order for a party to obtain *ex parte* relief, the applicant must make two showings: (1) the evidence shows that "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and (2) it is established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.,* 883 F. Supp. 488, 492 (C.D. Cal. 1995).

:

Initials of Preparer    DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-02415-SVW-SSC | Date | March 23, 2026 |
|---|---|---|---|
| Title | *United States of America et al v. Plains All American Pipeline L.P. et al* | | |

In light of these requirements, an applicant for ex parte relief generally prepares a separate application to supplement its motion, consisting entirely of argument and evidentiary showings to establish that the unusual remedy of *ex parte* relief is appropriate. *See id.* ("Properly designed ex parte motion papers thus contain two distinct motions or parts. The first part should address only why the regular noticed motion procedures must be bypassed. The second part consists of papers identical to those that would be filed to initiate a regular noticed motion … *These are separate, distinct elements for presenting an ex parte motion and should never be combined. The parts should be separated physically and submitted as separate documents*"). Here, Plaintiffs made no separate filing. In fact, Plaintiffs seemingly failed to make any cognizable argument or showing that abiding by regular, noticed motion procedures would cause irreparable prejudice to Plaintiffs. Notwithstanding Plaintiffs' failure, the Court conducted an independent review of the facts available in the record. The Court found no evidence to support a showing of irreparable prejudice. Therefore, the Court must deny Plaintiffs' *ex parte* application as a procedurally improper mechanism to pursue the relief sought.

If Plaintiffs want the Court to analyze its ability to enforce the Consent Decree against Sable under the present circumstances—in light of the Pipeline and Hazardous Materials Safety Administration ("PHMSA")'s jurisdictional determination and the United States Department of Energy's "Pipeline Capacity Prioritization and Allocation Order"—then Plaintiffs must seek that relief through a regularly noticed motion, giving Sable and co-plaintiff United States sufficient time to present the best possible presentations on the merits of the issue.

For the foregoing reasons, Plaintiffs' application is DENIED.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Preparer | DTA | |