DANIEL B. LEVIN (State Bar No. 226044)
daniel.levin@mto.com
COLIN DEVINE (State Bar No. 315801)
colin.devine@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-1560
Telephone:   (213) 683-9100
Facsimile:    (213) 687-3702

Attorneys for Defendants
PLAINS ALL AMERICAN PIPELINE, L.P.
and PLAINS PIPELINE, L.P.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, AND THE PEOPLE OF THE STATE OF CALIFORNIA, *ex rel.* DEPARTMENT OF FISH AND WILDLIFE, PEOPLE OF THE STATE OF CALIFORNIA, *ex rel.* CENTRAL COAST REGIONAL WATER QUALITY CONTROL BOARD, *ex rel.* CALIFORNIA DEPARTMENT OF PARKS AND RECREATION, *ex rel.* CALIFORNIA STATE LANDS COMMISSION, *ex rel.*  CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION'S OFFICE OF STATE FIRE MARSHAL, AND THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, | Case No. 2:20-cv-02415-SVW-SSC_ <br><br> **PLAINS' NOTICE OF JOINDER AND BRIEF IN SUPPORT OF TERMINATION OF CONSENT DECREE** <br><br> Date:   June 1, 2026 <br> Time:   1:30 p.m. <br> Ctrm.:  10A <br> Judge:  Hon. Stephen V. Wilson |
| Plaintiffs, | |
| vs. | |
| PLAINS ALL AMERICAN PIPELINE, L.P. and PLAINS PIPELINE, L.P., | |
| Defendants | |

2:20-cv-02415-SVW-SSC

PLAINS' JOINDER AND BRIEF IN SUPPORT OF MOTION TO TERMINATE CONSENT DECREE

**NOTICE OF JOINDER**

Plains All American Pipeline, L.P. and Plains Pipeline L.P. (together, "Plains") hereby join in the United States' Motion to Terminate the Consent Decree. As described further below, Plains has fully complied with the Consent Decree's requirements, the term of the Consent Decree has run, and Plains no longer owns or operates the pipelines that are the subject of the dispute between the United States, the State of California, and Sable Offshore Corp.

**BRIEF IN SUPPORT OF MOTION TO TERMINATE**

The ongoing dispute between the United States, California, and Sable Offshore Corp. has nothing to do with Plains. Plains sold the pipelines at issue—Lines 901 and the section of Line 903 from Gaviota to Pentland ("Lines 901 and 903")—to Pacific Pipeline Company, now a subsidiary of Sable Offshore Corp., in October 2022. Declaration of Patrick Hodgins in Support of Motion for Termination of the Consent Decree ("Hodgins Decl."), ¶ 6. Plains has not had an ownership interest in or operational control over those pipelines since. Hodgins Decl. ¶ 6. The dispute does not concern any of Plains' compliance obligations under the Consent Decree. Because Plains has fully complied with the Consent Decree and its term has run, Plains requests that the Court terminate the Consent Decree at least as to Plains and dismiss Plains from the case.

**1. There is no dispute that Plains has complied with the terms of the Consent Decree.** Plains has complied with the Consent Decree since it was entered by the Court on October 14, 2020, including payment of all penalties and damages, and implementation of extensive injunctive relief. Hodgins Decl. ¶¶ 3-7. The injunctive relief included both company-wide measures and safety measures that applied to specific pipelines. Dkt. No. 6-1, Sections V, VI, IX.

The Consent Decree specifically contemplated that Plains may sell or transfer ownership of pipelines subject to it, including Lines 901 and 903, and included specific provisions for such a sale or transfer. *See* Dkt. No. 6-1, Section XVIII. On

-1-                                    2:20-cv-02415-SVW-SSC

October 10, 2022, Pacific Pipeline Company purchased Lines 901 and 903 from Plains.  Hodgins Decl. ¶ 6.  As required by the Consent Decree, Plains provided the purchaser with a copy of the Consent Decree and the purchaser agreed to be bound by the provisions of the Consent Decree and Appendices B and D specifically applicable to the assets acquired, to the extent they had not already been completed. *See* Dkt. No. 6-1, Section XVIII; Hodgins Decl. ¶ 6.

Throughout the term of the Consent Decree, Plains submitted bi-annual reports to Plaintiffs regarding the status of compliance and implementation of the Injunctive Relief requirements.  *See* Dkt. No. 6-1, Section XIV; Hodgins Decl. ¶ 7. At no point throughout the Consent Decree's term did Plaintiffs indicate that they believed Plains was not in compliance with the Consent Decree.  Hodgins Decl. ¶ 7.

**2.    Plains is entitled to termination**.  The Consent Decree allows for termination by the Court so long as Plains (a) operated under the Consent Decree for five years and three months and (b) complied with the Consent Decree's requirements.  *See* Dkt. No. 6-1, Section XXIV.  Consistent with the Consent Decree's termination procedures, Plains provided notice of termination to Plaintiffs on January 14, 2026, five years and three months after the Consent Decree was entered, together with supporting documentation.  Hodgins Decl. ¶ 8, Ex. 1.  The United States agrees that Plains has met the Consent Decree's termination requirements, and that the Consent Decree should be terminated.  *See* Mot. to Terminate Consent Decree, Ex. A.  The State Agency Plaintiffs have not stated any disagreement with Plains' satisfaction of all Consent Decree requirements.

**3.    The Consent Decree should be terminated as to Plains regardless of the Court's rulings on the cross-motions.**  Termination of the Consent Decree as to Plains does not depend on the outcome of either the United States' motion to terminate or California's motion to enforce the Consent Decree.  Even if the Consent Decree is not terminated altogether, or if it is modified, the Court should not deprive Plains of its right to termination.  Plains has no ongoing responsibility

for the pipelines at issue and has established that it is entitled to termination of the Consent Decree based on its compliance.  No matter how the Court rules on the cross-motions by the United States and California, it should terminate the Consent Decree as to Plains and dismiss Plains as a defendant from the case.

DATED:  April 1, 2026                    MUNGER, TOLLES & OLSON LLP


                                         By:         */s/ Colin Devine*
                                                 COLIN DEVINE

                                         Attorneys for Defendants PLAINS ALL
                                         AMERICAN PIPELINE, L.P. and PLAINS
                                         PIPELINE, L.P.

PLAINS' JOINDER AND BRIEF IN SUPPORT OF MOTION TO TERMINATE CONSENT DECREE

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Plains All American Pipeline, L.P. and Plains Pipeline L.P., certifies that this brief contains 727 words, which complies with the word limit of L.R. 11-6.1.


April 1, 2026

                                        /s/ *Colin Devine*
                                        Colin Devine

PLAINS' JOINDER AND BRIEF IN SUPPORT OF MOTION TO TERMINATE CONSENT DECREE

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a copy of the foregoing document was filed electronically on April 1, 2026.  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.

*/s/ Colin Devine*
COLIN DEVINE

PLAINS' JOINDER AND BRIEF IN SUPPORT OF MOTION TO TERMINATE CONSENT DECREE