DANIEL B. LEVIN (State Bar No. 226044)
daniel.levin@mto.com
COLIN DEVINE (State Bar No. 315801)
colin.devine@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-1560
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for Defendants
PLAINS ALL AMERICAN PIPELINE, L.P.
and PLAINS PIPELINE, L.P.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, AND THE PEOPLE OF THE STATE OF CALIFORNIA, *ex rel.* DEPARTMENT OF FISH AND WILDLIFE, PEOPLE OF THE STATE OF CALIFORNIA, *ex rel.* CENTRAL COAST REGIONAL WATER QUALITY CONTROL BOARD, *ex rel.* CALIFORNIA DEPARTMENT OF PARKS AND RECREATION, *ex rel.* CALIFORNIA STATE LANDS COMMISSION, *ex rel.*  CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION'S OFFICE OF STATE FIRE MARSHAL, AND THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, <br><br> Plaintiffs, <br><br> vs. <br><br> PLAINS ALL AMERICAN PIPELINE, L.P. and PLAINS PIPELINE, L.P., <br><br> Defendants | Case No. 2:20-cv-02415-SVW-SSC_ <br><br> **PLAINS' RESPONSE TO CALIFORNIA PLAINTIFFS' OPPOSITION TO TERMINATION OF CONSENT DECREE** <br><br> Date:   June 1, 2026 <br> Time:   1:30 p.m. <br> Ctrm.:  10A <br> Judge:  Hon. Stephen V. Wilson |

2:20-cv-02415-SVW-SSC

## PLAINS' RESPONSE TO OPPOSITION TO MOTION TO TERMINATE

It is undisputed that Plains All American Pipeline, L.P. and Plains Pipeline L.P. (together, "Plains") have complied with all Consent Decree requirements and that the Consent Decree's five-years-and-three-month term has expired. Those undisputed facts entitle Plains to termination of the Consent Decree.

Without disputing Plains' compliance with the Consent Decree or the fact that the term has run, the California Plaintiffs nevertheless refuse to agree to termination as to Plains. That refusal violates Plains' agreed-upon rights and the court-ordered Consent Decree. The dispute between the United States, California Plaintiffs, and Sable about Sable's compliance with the Consent Decree does not involve Plains or its Consent Decree obligations and therefore is not a legitimate basis for the California Plaintiffs to refuse to terminate as to Plains.

## I.    Denying Termination Would Violate Plains' Rights Under the CD

Plains negotiated a specific right to termination of the Consent Decree based on the satisfaction of two requirements: that five years and three months had passed and that Plains had "complied with the requirements of th[e] Consent Decree." Dkt. No. 6-1, ¶ 100. There is no dispute that Plains has satisfied those requirements.

Once the five-year-and-three-month term ran, the Consent Decree's termination provision required Plains to send notice of termination to Plaintiffs, which Plains did on January 14, 2026. Dkt. No. 52-1, ¶ 8 and Exhibit 1. Plaintiffs then had 90 days to provide any "disagreement" as to whether Plains "complied with the requirements for termination." Dkt. No. 6-1, ¶ 101. That 90 day period ended on April 14, 2026, and the California Plaintiffs sent a letter response to Plains purporting to "reject" Plains' termination request for the reasons set forth in their opposition to the United States' Motion to Terminate.[1] Declaration of Patrick

---

[1] Plaintiffs' disagreement allows Plains to invoke the Consent Decree's Dispute Resolution procedures, but the parties agreed to waive Dispute Resolution so that the Court could decide the termination issue now. *See* Dkt. No. 48, ¶ 2.

Hodgins in Support of Plains' Response to California Plaintiffs, Exhibit A. But neither the letter nor the opposition states any disagreement that Plains has complied with all requirements of the Consent Decree, nor have the California Plaintiffs raised any issues with Plains' compliance outside of the letter response. It is, in fact, undisputed that Plains has complied with all of the requirements of the Consent Decree.

Termination of the Consent Decree is not a matter of discretion. The parties specifically negotiated and agreed to a termination right, releasing Plains from ongoing Consent Decree obligations when the term ran and Plains had complied with all Consent Decree requirements. The Consent Decree does not give the California Plaintiffs an open-ended right to keep the Consent Decree in place to pursue other purposes for as long as they wish. The California Plaintiffs' refusal to agree to termination as to Plains without any contractually valid reason is a violation of the Court's order and the rights and obligations to which the parties agreed. *See Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 378 (1992) (consent decrees are contractual in nature and enforceable as a judicial decree).

Because Plains has satisfied its Consent Decree obligations, and no party contends otherwise, the Consent Decree should be terminated pursuant to its terms.

**II.     The Current Dispute Is Not Grounds to Deny Termination as to Plains**

As Plains explained in its Joinder to the Motion to Terminate, the current dispute between the United States, California, and Sable has nothing to do with Plains, because Plains no longer owns or operates the pipelines at issue. Dkt. No. 52.

The California Plaintiffs' arguments that the Consent Decree applies to Sable and that Sable and the United States are violating it are not grounds to deny termination as to Plains. Nothing in the Consent Decree suggests that Plains' termination right rests on the compliance of other parties, non-parties, or subsequent pipeline owners, nor did Plains agree to become the guarantor of a future owner's

compliance. Instead, the Consent Decree's termination provisions turn only on whether "Defendants" have complied with the requirements for termination, and the Consent Decree defines "Defendants" only as "Plains All American Pipeline, L.P. and Plains Pipeline, L.P." Dkt. No. 6-1, ¶ 7. Because *Plains* has satisfied the termination requirements, it is entitled to termination regardless of whether the Consent Decree applies to Sable or whether the United States has violated the Consent Decree. *See United States v. Armour & Co.*, 402 U.S. 673, 682–83 (1971) (declining to read additional terms into a consent decree).

No matter the outcome of the current dispute about Sable's compliance with the Consent Decree, there are no grounds to deny termination as to Plains. Plains therefore requests that the Court terminate the Consent Decree, but if the Consent Decree is not terminated in its entirety, that Plains' Consent Decree obligations be terminated and Plains be dismissed from this case.

DATED:  April 27, 2026                    MUNGER, TOLLES & OLSON LLP


By:  _____/s/ Colin Devine_____
      COLIN DEVINE

Attorneys for Defendants PLAINS ALL AMERICAN PIPELINE, L.P. and PLAINS PIPELINE, L.P.

-3-                               2:20-cv-02415-SVW-SSC

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plains All American Pipeline, L.P. and Plains Pipeline L.P., certifies that this brief contains 822 words, which complies with the word limit of L.R. 11-6.1.


April 27, 2026

/s/ *Colin Devine*
Colin Devine

-4-                                    2:20-cv-02415-SVW-SSC

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was filed electronically on April 27, 2026. Therefore, this document was served on all counsel who are deemed to have consented to electronic service.

*/s/ Colin Devine*
COLIN DEVINE

PLAINS' RESPONSE TO CALIFORNIA PLAINTIFFS' OPPOSITION
TO TERMINATION OF CONSENT DECREE