ROB BONTA
Attorney General of California
MYUNG J. PARK
SUPERVISING DEPUTY ATTORNEY GENERAL
MICHAEL S. DORSI (CA BAR NUMBER: 281865)
E-mail: Michael.Dorsi@doj.ca.gov
MATTHEW G. BULLOCK (CA BAR NUMBER: 243377)
E-mail: Matthew.Bullock@doj.ca.gov
DEPUTY ATTORNEY GENERAL
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
P.O. Box 85266
Tel: (415) 510-4400
Fax: (619) 645-2581

ERIC M. KATZ
SUPERVISING DEPUTY ATTORNEY GENERAL
MICHAEL T. ZARRO (CA BAR NUMBER: 110171)
E-mail: Michael.Zarro@doj.ca.gov
DEPUTY ATTORNEY GENERAL
300 S. Spring Street, Suite 1702
Los Angeles, CA 90013
Telephone: (213) 269-6347
Fax: (916) 731-2128

*Counsel for Plaintiffs California Department of Forestry and Fire Protection's Office of State Fire Marshal*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, and the PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PLAINS ALL AMERICAN PIPELINE, L.P. and PLAINS PIPELINE, L.P.,<br><br>Defendants. | Case No. 2:20-cv-02415-SVW-SSCx<br><br>**CALIFORNIA OFFICE OF THE STATE FIRE MARSHAL'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION**<br><br>Date: October 19, 2026<br>Dept. 10A<br>Time: 1:30 pm<br>Judge: Hon. Stephen V. Wilson<br>Action Filed: March 13, 2020<br>Judgment Amended: Aug. 19, 2026 |

## TABLE OF CONTENTS

Page

Introduction ........ 1
Background ........ 1
Legal Standards ........ 2
Argument ........ 3
I. The Consent Decree, as Modified, Impermissibly Conflicts With the Pipeline Safety Act ........ 3
II. The Court Should Modify the Consent Decree to Conform to the Text of the Pipeline Safety Act ........ 4
Conclusion ........ 5

## INTRODUCTION

In its August 19, 2026 Order, this Court resolved several motions, including the ongoing form and function of the Consent Decree. Those motions were adequately briefed as to the relief requested. But this Court, in an effort to reform the Consent Decree, imposed conditions and conclusions that no party requested. As a result, no party had an opportunity to address those remedies. The California Office of the State Fire Marshal contends that some of the imposed remedies are unworkable and unlawful, and requests that the Court reconsider those remedies.

Notably, this Court's Order announces that "PHMSA will be responsible for enforcing [pipeline safety rules], regardless of whether the pipeline is determined to be 'intrastate' or 'interstate' for the purposes of the Pipeline Safety Act . . . ." ECF 86 at 22. This command is contrary to the Pipeline Safety Act, which mandates that PHMSA is the pipeline safety regulator for *inter*state pipelines, and state authorities—here, OSFM—are the pipeline safety regulators for *intra*state pipelines. 49 U.S.C. § 60105(a). And courts may not use consent decrees to impose commands contrary to federal statutes. *See Conservation Nw. v. Sherman*, 715 F.3d 1181, 1185 (9th Cir. 2013).

Accordingly, this Court should reconsider its assignment of pipeline safety regulation to PHMSA and revise its order to comport with the Pipeline Safety Act's command that *intra*state pipeline safety be administered by OSFM, not PHMSA.

## BACKGROUND

Pipelines CA-324/325 transport crude oil from Las Flores Canyon in Santa Barbara County, California, to Pentland Station in Kern County, California. Prior to 2016, Lines CA-324/325 were regulated by the federal Pipeline and Hazardous Materials Safety Administration (PHMSA) on the basis that they were *inter*state pipelines. This designation originated from a plan to extend the Lines across the Colorado River into Arizona, but that plan was long-since abandoned by 2016.

When, in 2016, PHMSA announced that Lines CA-324/325 were *intra*state pipelines, it based that decision on the cancellation of a FERC tariff. ECF 55 at 6.

PHMSA reversed course again in December 2025, announcing its view that Lines CA-324/325 are *inter*state and subject to exclusive federal jurisdiction. ECF 5 at 9. California's pipeline safety regulator, the California Department of Forestry and Fire Protection's Office of the State Fire Marshal (OSFM), challenged this determination. Consistent with the routing provision in 49 U.S.C. § 60119, OSFM filed its petition for review in the Ninth Circuit Court of Appeals.

On June 25, 2026, PHMSA issued a new order, which PHMSA alleges supersedes the December 2025 orders. The Ninth Circuit went forward with argument on July 7, 2026, but suggested that OSFM may wish to file a second petition challenging the new PHMSA Order. OSFM filed its second petition on July 20, 2026. The Ninth Circuit invited position statements on how to manage the related cases, which OSFM filed on August 21, 2026, and PHMSA filed on August 25, 2026. As of this filing, OSFM's brief in the second Ninth Circuit case is due on October 9, 2026.

While the case at the Ninth Circuit progressed, in this Court the U.S. sought to modify the Consent Decree, and OSFM sought to enforce it. This Court granted both motions in part, imposing a fine for Sable's violation of the Consent Decree prior to modification, and modifying the Consent Decree to assign the pipeline safety regulation duties to PHMSA. ECF 86 at 22. This Court also imposed on PHMSA a rule that PHMSA enforce California's pipeline safety rules, though only to the extent that they do not conflict with the Department of Energy's Defense Production Act Order. *Id*.

**LEGAL STANDARDS**

Central District of California Local Rule 7-18 provides that a motion for reconsideration may be granted, *inter alia*, on the basis of "(a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable

diligence, could not have been known to the party moving for reconsideration at the time the Order was entered." This provision includes situations where the Court issues relief that no party requested.

Similarly, Federal Rule of Civil Procedure 59(e) provides an avenue to alter or amend a judgment for legal or factual error, new evidence, changed law, or to prevent injustice. *See Turner v. Burlington Northern Santa Fe Railroad Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). The district court "enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999). While "[a] Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation[,]" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003), this restriction does not apply when no party requested the relief that the Court ultimately granted.

Although Rule 59 is the most applicable here—addressing a post-judgment order amending a judgment—this Court also has the power to amend orders and judgments under Rules 54(b), 55, and 60(b).

The moving party still bears the burden to prove the substantive basis for reconsideration. *Karnoski v. Trump*, 926 F.3d 1180, 1198 (9th Cir. 2019).

## ARGUMENT

### I. THE CONSENT DECREE, AS MODIFIED, IMPERMISSIBLY CONFLICTS WITH THE PIPELINE SAFETY ACT

Many consent decrees generally—and this Consent Decree in particular—carry out federal statutes. In doing so, courts have some flexibility, but they are bound by the text of the relevant statutes. *Conservation Nw. v. Sherman*, 715 F.3d 1181, 1185 (9th Cir. 2013) ("[A] district court may not approve a consent decree that conflicts with or violates an applicable statute." (cleaned up)). This rule applies in the formation of consent decrees and their modifications. "[A] district court cannot enter a disputed modification of a consent decree in [] litigation [under a

certain statute] if the resulting order is inconsistent with that statute." *Firefighters Loc. Union No. 1784 v. Stotts*, 467 U.S. 561, 576 n.9 (1984).

The parts of the Consent Decree that remain in effect—*i.e.,* that have not been completed—arise under the federal Pipeline Safety Act, 49 U.S.C. § 60101, et seq., and California's Elder Pipeline Safety Act, Cal. Gov. Code § 50101, et seq. *See* ECF 6-1 at 6, 4346. The text of the federal Pipeline Safety Act assigns the pipeline safety regulator for any given pipeline. Specifically, the Pipeline Safety Act states that state regulation of *inter*state pipelines is preempted, 49 U.S.C. § 60104(c), but the federal government is prohibited from proscribing or enforcing safety standards for *intra*state pipelines in states with valid certifications, 49 U.S.C. § 60105(a). On this second point, the statute is unambiguous: other than exceptions not relevant here, "the Secretary of Transportation may not prescribe or enforce safety standards and practices for an intrastate pipeline facility or intrastate pipeline transportation to the extent that the safety standards and practices are regulated by a State authority . . . that submits to the Secretary annually a certification for the facilities and transportation that complies with subsections (b) and (c) of this section." As has been undisputed throughout this case, OSFM is a state authority with a valid certification. As a result, the Pipeline Safety Act dictates that if Lines CA-324/325 are *inter*state pipelines, they are subject to regulation by PHMSA, and if Lines CA-324/325 are *intra*state pipelines, they are subject to regulation by OSFM.

This Court's August 19 Order runs contrary to this statutory command when it announced that "PHMSA will be responsible for enforcing [pipeline safety rules], regardless of whether the pipeline is determined to be 'intrastate' or 'interstate' for the purposes of the Pipeline Safety Act . . . ." ECF 86 at 22. This command is contrary to 49 U.S.C. § 60105(a), and therefore unlawful.

## II. THE COURT SHOULD MODIFY THE CONSENT DECREE TO CONFORM TO THE TEXT OF THE PIPELINE SAFETY ACT

The U.S. and OSFM both asked this Court to determine the correct pipeline

safety regulator and assign responsibility accordingly. The U.S. argued that PHMSA's decision controls the outcome on the same issue in this Court—*i.e.*, OSFM cannot "collaterally attack" PHMSA's orders. ECF 60 at 24-25. OSFM argued that this is incorrect, that OSFM was within its rights to raise the issue of *intra*state versus *inter*state status in this Court, and that the correct answer is that Lines CA-324/325 are *intra*state pipelines. ECF 62 at 11-13 (discussing *McLauglin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146, 150-56, 168 (2025)). This issue is fully briefed.

To conform to the PSA, this Court should consider the briefs already filed and decide whether PHMSA or OSFM is lawfully entitled to regulate CA-324/325.

## CONCLUSION

This Court endeavored to reform the Consent Decree to address a new situation. But in doing so, it imposed a result contrary to the controlling statute. The Court should amend its order to squarely address the question of *inter*state versus *intra*state status under the Pipeline Safety Act.

Dated: September 2, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
MYUNG J. PARK
ERIC M. KATZ
Supervising Deputy Attorneys General

*/s/ Michael S. Dorsi*
MICHAEL DORSI
Deputy Attorney General
*Counsel for Plaintiffs California Department of Forestry and Fire Protection's Office of State Fire Marshal*

LA2015500901

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for California Office of the State Fire Marshal certifies that this brief contains 1,476 words, which:

_x_ complies with the word limit of L.R. 11-6.1.

__ complies with the word limit set by court order.

Dated: September 2, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
MYUNG J. PARK
ERIC M. KATZ
Supervising Deputy Attorneys General

*/s/ Michael S. Dorsi*
MICHAEL DORSI
Deputy Attorney General
*Counsel for Plaintiffs California Department of Forestry and Fire Protection's Office of State Fire Marshal*