ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
STEFAN J. BACHMAN (DC Bar Number 90008649)
Email: stefan.bachman@usdoj.gov
Senior Attorney
Energy and Natural Resources Division
United States Department of Justice
150 M Street, N.E., Room 2.900
Washington, DC 20002
Tel: (202) 598-9566
*Counsel for United States of America*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PLAINS ALL AMERICAN PIPELINE, L.P. et al.,<br><br>Defendants. | Case No. 2:20-cv-02415-SVW-SSC<br><br>**UNITED STATES' OPPOSITION TO CALIFORNIA OFFICE OF THE STATE FIRE MARSHAL'S MOTION FOR RECONSIDERATION**<br><br>Date: October 19, 2026<br>Time: 1:30 pm<br>Judge: Hon. Stephen V. Wilson |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION**

**TABLE OF CONTENTS**

I. INTRODUCTION ..... 1
II. BACKGROUND ..... 1
III. ARGUMENT ..... 2
A. California identifies no cognizable basis for reconsideration under Local Rule 7-18 or the Federal Rules ..... 2
B. California's objections are merits disputes that could have been raised earlier and do not support reconsideration ..... 3
IV. CONCLUSION ..... 5

# TABLE OF AUTHORITIES

**Cases**

*Am. C.L. Union Found. of S. Cal. v. ICE*,
347 F.R.D. 518 (C.D. Cal. 2024) .......... 2
*Conservation Nw. v. Sherman*,
715 F.3d 1181 (9th Cir. 2013) .......... 4
*Firefighters Loc. Union No. 1784 v. Stotts*,
467 U.S. 561 (1984) .......... 4
*Gish v. Newson*,
No. 20-cv-755, 2020 WL 6054912 (C.D. Cal. Oct. 9, 2020) .......... 3
*Keith v. Volpe*,
784 F.2d 1457 (9th Cir. 1986) .......... 4
*Kona Enters., Inc. v. Est. of Bishop*,
229 F.3d 877 (9th Cir. 2000) .......... 2
*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,
571 F.3d 873 (9th Cir. 2009) .......... 2
*Rufo v. Inmates of Suffolk Cnty. Jail*,
502 U.S. 367 (1992) .......... 3
*Shalit v. Coppe*,
182 F.3d 1124 (9th Cir. 1999) .......... 2
*United States v. Alpine Land & Reservoir Co.*,
984 F.2d 1047 (9th Cir. 1993) .......... 3

**Other Authorities**

C.D. Cal. L.R. 7-18 .......... 2, 3

## I. INTRODUCTION

California's motion for reconsideration is an improper attempt to relitigate the Court's August 19, 2026 *Order Granting Motion to Modify the Consent Decree* (Dkt. No. 86). The motion identifies no new facts, no intervening change in law, and no material issue the Court failed to consider. It simply repackages the same flawed jurisdictional arguments California has already extensively briefed and attacks the Court's decision to modify the consent decree under the guise of reconsideration. Because California cannot satisfy Local Rule 7-18 (or any applicable Federal Rule), the Court should deny the motion.

## II. BACKGROUND

In 2020, the Court entered a consent decree to resolve alleged federal and state violations of pipeline safety laws by Plains All American Pipeline, L.P. and Plains Pipeline, L.P. ("Plains"). Dkt. No. 33. The consent decree gave the California Office of the State Fire Marshal authority to approve deliverables related to certain segments of the Santa Ynez Pipeline that were, at the time, classified as *intra*state. Two of those segments were later sold to Sable Offshore Corporation and Pacific Pipeline Company ("Sable"), consolidating the Pipeline under common ownership. The Federal Pipeline and Hazardous Materials Safety Administration ("PHMSA") subsequently reclassified the segments as *inter*state and approved a restart plan. Citing a national energy emergency declared by the President and the need for a reliable source of oil to maintain military readiness on the West Coast, the Secretary of Energy also issued a Defense Production Act order directing Sable to operate the Santa Ynez Pipeline, including the segments.

Sable restarted the segments in March 2026, and the United States moved soon after to modify the consent decree to substitute PHMSA as the regulator over the segments based on PHMSA's reclassification and the Secretary's order. Dkt. No. 49. The Court granted the United States' motion, relying on the national security interests reflected in the Secretary's order as significant changed

circumstances. Dkt. No. 86 at PageID 3512. To fit the decree to these new circumstances, the Court incorporated substantive elements of the California Elder Pipeline Safety Act into the decree to be enforced by PHMSA. *Id.* at PageID 3520.

## III. ARGUMENT

### A. <u>California identifies no cognizable basis for reconsideration under Local Rule 7-18 or the Federal Rules.</u>

Reconsideration is "very limited." *Shalit v. Coppe*, 182 F.3d 1124, 1132 (9th Cir. 1999). It should be granted only in "highly unusual circumstances" and may not be used to raise arguments for the first time. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citations omitted). Local Rule 7-18 permits reconsideration only if the movant shows (a) a previously unknown and reasonably undiscoverable material difference in fact or law, (b) new material facts or an intervening change in law arising after the order, or (c) a manifest failure by the court to consider material facts presented before the order. Courts apply Local Rule 7-18 coextensively with Rules 59(e) and 60(b). *Am. C.L. Union Found. of S. Cal. v. ICE*, 347 F.R.D. 518, 525 (C.D. Cal. 2024).

California does not even attempt to satisfy any of the three predicates for reconsideration. It offers no new facts or an intervening change in law and instead repackages arguments that were available during the modification briefing. Thus, California again asks the Court to decide whether the segments are interstate or intrastate. *Compare* Dkt. No. 62 at PageID 2945–47 *with* Dkt. No. 87-1 at PageID 3552. And it reframes the same jurisdictional dispute as a "contrary to law" objection to the modification—*i.e.*, a claim that the Court had to decide the segments' jurisdictional status as part of modifying the consent decree as it did. *See* Dkt. No. 87-1 at PageID 3551. But a motion for reconsideration is not a vehicle for reargument or for presenting a new gloss on an old point. *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (discussing limits of a motion under

Rule 59(e)); *see* L.R. 7-18. California's recycled arguments do not—and cannot—support reconsideration.

Nor does California satisfy the remaining predicate—showing that the Court failed to consider material facts previously presented. The Court addressed the Secretary's order and the national energy emergency underlying it and found they constituted significant changed circumstances warranting modification. Dkt. No. 86 at PageID 3512–13. California's disagreement with the Court's remedial choice is not a basis for reconsideration. *See Gish v. Newson*, No. 20-cv-755, 2020 WL 6054912, at *2 (C.D. Cal. Oct. 9, 2020) ("Unhappiness with the outcome is not included within [Local Rule 7-18]; unless the moving party shows that one of the stated grounds for reconsideration exists, the Court will not grant a reconsideration.") (citation modified).

California's references to Rules 54(b), 55, and 60(b) do not change the analysis. Rules 54(b) and 55 are inapplicable. And Rule 60(b) provides no basis for relief because California does not identify any subsection that applies, and in any event, it does not attempt to satisfy Rule 60(b)(5)'s changed-circumstances requirement, *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384–88 (1992) (discussing changed circumstances), or Rule 60(b)(6)'s extraordinary-circumstances standard. *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993) (discussing extraordinary circumstances).

For these reasons alone, the motion should be denied.

B. California's objections are merits disputes that could have been raised earlier and do not support reconsideration.

Unable to identify any cognizable reconsideration ground, California recasts disagreement with the Court's remedial choices as (1) a procedural "unrequested relief" complaint and (2) a statutory-conflict argument. Neither supports reopening the Court's order.

First, California argues that reconsideration is warranted because the Court granted relief "no party requested," and California therefore lacked an opportunity to address it. But "unrequested relief" is not itself a recognized basis for reconsideration under the Local or Federal Rules. California cites no authority that the Court's adoption of a remedial formulation not expressly requested by a party, standing alone, satisfies Local Rule 7-18(a) or warrants relief under Rule 59(e). And in any event, a district court supervising a consent decree retains equitable authority to select a workable structure that fits changed circumstances, even if no party requested the relief. *See Keith v. Volpe*, 784 F.2d 1457, 1461 (9th Cir. 1986).

Second, California contends the modification "impermissibly conflicts" with the Pipeline Safety Act because, if the segments are intrastate, PHMSA may not "prescribe or enforce" safety standards. *See* Dkt. No. 87-1 at PageID 3550–51 (citing *Conservation Nw. v. Sherman*, 715 F.3d 1181 (9th Cir. 2013); *Firefighters Loc. Union No. 1784 v. Stotts*, 467 U.S. 561 (1984)). That is a merits challenge to the Court's remedial structure—one California could have raised during the modification briefing—and it therefore does not support reconsideration under Local Rule 7-18 or Rule 59(e). It also depends on a predicate the Court expressly declined to decide and that California has placed before the Ninth Circuit: whether the segments are interstate or intrastate for purposes of the Pipeline Safety Act. Dkt. No. 86 at PageID 3520; Dkt. No. 87-1 at PageID 3548–49. Reconsideration is not an appropriate vehicle to obtain, in this Court, a ruling on that unresolved jurisdictional question. *See* Dkt. No. 60 at PageID 2164–65 (discussing the presumption of regularity that attaches to PHMSA's and the Secretary's actions).

Neither *Conservation Northwest* nor *Firefighters Local* alters that conclusion. Those cases do not relax Local Rule 7-18 or Rule 59(e)'s prohibitions on reargument. And critically, they do not involve a consent decree rendered unworkable by a national emergency, where the Court must equitably adjust the

decree to account for changed circumstances recognized under a separate federal statute invoked to address that emergency—the Defense Production Act.

## IV. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny California's motion for reconsideration.

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

/s/ *Stefan J. Bachman*
STEFAN J. BACHMAN (DC Bar No. 90008649)
Email: stefan.bachman@usdoj.gov
Senior Attorney
Energy and Natural Resources Division
Environmental Enforcement Section
United States Department of Justice
150 M Street, NE, Room 2.900
Washington, DC 20002
(202) 598-9566

## L.R 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for the United States of America, certifies that this brief contains 1,300 words, which complies with the word limit of L.R. 11-6.1.

/s/ *Stefan J. Bachman*
STEFAN J. BACHMAN (DC Bar No. 90008649)
Email: stefan.bachman@usdoj.gov
Senior Attorney
Energy and Natural Resources Division
Environmental Enforcement Section
United States Department of Justice
150 M Street, NE, Room 2.900
Washington, DC 20002
(202) 598-9566