LATHAM & WATKINS LLP
Jessica Stebbins Bina (Bar No. 248485)
*jessica.stebbinsbina@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: +1 424.653.5500
Facsimile: +1 424.653.5501

BABST CALLAND
Nicholas McDaniel (*pro hac vice*)
*nmcdaniel@babstcalland.com*
505 Ninth St., NW, Suite 602
Washington, DC 20004
Telephone: +1 202.853.3455
Facsimile: +1 202.853.3491

HOLLAND & KNIGHT LLP
James W. Noe (*pro hac vice forthcoming*)
*jim.noe@hklaw.com*
800 17th Street N.W., Suite 1100
Washington, D.C. 20006
Telephone: +1 202.469.5525

*Attorneys for Sable Offshore Corp. and Pacific Pipeline Company*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA; THE PEOPLE OF THE STATE OF CALIFORNIA, et al.,

Plaintiffs,

v.

PLAINS ALL AMERICAN PIPELINE, L.P. and PLAINS PIPELINE, L.P.,

Defendants.

Case No. 2:20-cv-02415-SVW-SSCx

**SABLE OFFSHORE CORP. AND PACIFIC PIPELINE COMPANY'S OPPOSITION TO CALIFORNIA OFFICE OF THE STATE FIRE MARSHAL'S MOTION FOR RECONSIDERATION**

Date: October 19, 2026
Time: 1:30pm
Courtroom: 10A
Judge: Hon. Stephen V. Wilson

## TABLE OF CONTENTS

**Page(s)**

I. **INTRODUCTION** .......... 1

II. **LEGAL STANDARD** .......... 1

III. **ARGUMENT** .......... 2

A. OSFM's Motion is improper under Local Rule 7-18. .......... 2

B. The modified Consent Decree conforms to federal law. .......... 5

1. The modification does not conflict with the Pipeline Safety Act .......... 5

2. OSFM cites no authority invalidating a consent decree that assigns enforcement to a federal agency. .......... 8

C. OSFM improperly invites the Court to decide the jurisdictional status of the SYPS. .......... 9

D. If the Court reconsiders its modification, it should strike the component of the Order incorporating state law into the Consent Decree and leave PHMSA as regulator .......... 11

IV. **CONCLUSION** .......... 12

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Allstate Ins. Co. v. Herron*,
634 F.3d 1101 (9th Cir. 2011) .......... 2

*Arteaga v. Asset Acceptance, LLC*,
733 F. Supp. 2d 1218 (E.D. Cal. 2010) .......... 4

*Conservation Nw. v. Sherman*,
715 F.3d 1181 (9th Cir. 2013) .......... 8, 9

*Delaware Life Ins. Co. v. Schuster*,
No. CV15-01454-AB(AJWx), 2016 WL 6915305 (C.D. Cal. Sept. 14, 2016) .......... 2

*Exxon Shipping Co. v. Baker*,
554 U.S. 471 (2008) .......... 2

*Flores v. Bondi*,
803 F. Supp. 3d 1018 (C.D. Cal. 2025) .......... 5

*Hopwood v. Texas*,
236 F.3d 256 (5th Cir. 2000) .......... 2

*In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*,
966 F. Supp. 2d 1031 (C.D. Cal. 2013) .......... 3

*Kelly v. Wengler*,
822 F.3d 1085 (9th Cir. 2016) .......... 5

*Kona Enters., Inc. v. Est. of Bishop*,
229 F.3d 877 (9th Cir. 2000) .......... 1, 2, 3, 4, 10

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,
571 F.3d 873 (9th Cir. 2009) .......... 1, 3

*Rufo v. Inmates of Suffolk Cnty. Jail*,
502 U.S. 367 (1992) .......... 5, 11

*Turtle Island Restoration Network v. U.S. Dep't of Com.*,
672 F.3d 1160 (9th Cir. 2012) .......... 8

*Wood v. Ryan*,
759 F.3d 1117 (9th Cir. 2014) .......... 1

**Page(s)**

**STATUTES**

49 U.S.C. § 60104(c) .......... 6

49 U.S.C. § 60105(a) .......... 7

**Page(s)**

**RULES**

Fed. R. Civ. P. 59(e).......... 1, 2

C.D. Cal. L.R. 7-18 .......... 2, 3, 5, 10

## I. INTRODUCTION

On August 19, 2026, the Court entered an Order resolving several motions in an "orbit of related cases" concerning Sable Offshore Corp. and Pacific Pipeline Company's (together, "Sable") operation of the Santa Ynez Pipeline System (the "SYPS"). *See* ECF No. 86 (the "Order"). Plaintiff California Office of the State Fire Marshal ("OSFM") now seeks reconsideration of the portion of that Order modifying the Consent Decree governing the onshore segments of the SYPS that assigned the federal Pipeline and Hazardous Materials Safety Administration ("PHMSA") primary responsibility for enforcing Sable's compliance with the Consent Decree, in place of OSFM. *See* Motion, ECF No. 87-1. OSFM's Motion for Reconsideration (the "Motion") impermissibly raises arguments that OSFM could have raised earlier in this litigation but chose not to—arguments that reconsideration is not the proper vehicle to assert. In doing so, it seeks a determination on the jurisdictional status of the pipeline that this Court considered and deliberately declined to resolve. The Court should reject this untimely and baseless attempt to relitigate matters that could have been raised earlier. Because OSFM identifies no basis for disturbing the Court's Order modifying the Consent Decree in this action, the Motion should be denied.

## II. LEGAL STANDARD

Motions to alter or amend a judgment are authorized under Federal Rule of Civil Procedure 59(e). A "Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)); *see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("[A] motion for reconsideration should not be granted, absent highly unusual circumstances . . . ."). The "four basic grounds upon which a Rule 59(e) motion may be granted" are

"(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona*, 229 F.3d at 890; *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). Nor may Rule 59(e) be used to "relitigate old matters." *Exxon*, 554 U.S. at 485 n.5. "Mere doubts or disagreement about the wisdom of a prior decision" are insufficient to support a motion for reconsideration. *Delaware Life Ins. Co. v. Schuster*, No. CV15-01454-AB(AJWx), 2016 WL 6915305, at *3 (C.D. Cal. Sept. 14, 2016) (quoting *Hopwood v. Texas*, 236 F.3d 256, 273 (5th Cir. 2000)).

Accordingly, Local Rule 7-18 specifically provides that a "motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion." C.D. Cal. L.R. 7-18.

## III. ARGUMENT

### A. OSFM's Motion is improper under Local Rule 7-18.

OSFM has not met the requirements for reconsideration under Local Rule 7-18, and the Motion should be denied on that basis alone. Reconsideration is "an

extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona*, 229 F.3d at 890. OSFM cannot meet that demanding standard here.

OSFM asserts that the Court's decision to modify the Consent Decree to assign PHMSA responsibility for enforcing pipeline safety rules with respect to the Santa Ynez Pipeline System "regardless of whether the pipeline is determined to be 'intrastate' or 'interstate'" is contrary to the Pipeline Safety Act. ECF No. 87-1, at 1. Because "courts may not use consent decrees to impose commands contrary to federal statutes," OSFM asks the Court to revise its order to restore OSFM as the assigned regulator. *Id.* As discussed further below, Sable disagrees with OSFM's reading of the Pipeline Safety Act on the merits. In any event, such an argument cannot support a motion for reconsideration as a threshold matter.

A motion for reconsideration "*may not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona*, 229 F.3d at 890 (emphasis added); *Marlyn Nutraceuticals*, 571 F.3d at 880. OSFM's suggestion that "this restriction does not apply when no party requested the relief that the Court ultimately granted," *see* ECF No. 87-1, at 5, is "untenable." *Kona*, 229 F.3d at 890. "[N]o provision under the Local Rules allows for reconsideration based on lack of briefing or surprise in outcome . . . ." *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 966 F. Supp. 2d 1031, 1039 (C.D. Cal. 2013). OSFM offers no reason why it could not have argued that modifying the Consent Decree to substitute PHMSA would violate the Pipeline Safety Act *before* the Court issued its Order. That failure is fatal to the Motion.

OSFM's motion for reconsideration fails to identify any "material difference in fact or law" raised previously before the Court or that "could not have been known" to OSFM at the time the Order was entered. C.D. Cal. L.R. 7-18. In fact, the possibility that the Consent Decree could be modified to substitute PHMSA for

OSFM was front and center in the briefing before this Court. The United States and Sable clearly contemplated PHMSA's substitution in their respective oppositions to OSFM's Motion to Enforce and in the United States' Motion to Terminate or Modify the Consent Decree. *See* ECF No. 60, at 1, 12–13; ECF No. 61, at 1, 20–22; *see also* U.S. Mot. to Terminate or Modify the Consent Decree, ECF No. 49, at 1 (seeking, in the alternative, to "modify the Decree to substitute PHMSA" as regulator). Thereafter, OSFM had "numerous opportunities" to argue that such a modification would violate the Pipeline Safety Act in briefing and before the Court at oral argument. *See Kona*, 229 F.3d at 891. It failed to do so. Instead, OSFM addressed this argument in Reply by arguing the Pipeline Safety Act did not excuse Sable's non-compliance with the Consent Decree and, therefore, modification is not warranted. ECF No. 62, at 13–15. Likewise, in its Supplemental Post-Hearing Brief, OSFM reiterated its position that the pipeline is *intrastate* and that no changed circumstances warranted modification. *See* ECF No. 77, at 8. At no point did it argue that modifying the Consent Decree to assign PHMSA responsibility for enforcement would violate the Pipeline Safety Act. OSFM's prior briefing in this action forecloses it from making this argument now. A motion for reconsideration is not "the place to raise new arguments or law that [OSFM] failed to raise in [its] opposition." *Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1241 (E.D. Cal. 2010).

Indeed, OSFM advised the Court to rule in OSFM's favor and avoid the jurisdictional issue altogether. Notably, in its Motion to Enforce Consent Decree, OSFM took the position that "***[t]his Court need not decide [the question of interstate versus intrastate] in order to enforce the Consent Decree***." ECF No. 55, at 28 (emphasis added). In doing so, it sought application of its own substantive pipeline safety standards and advised the Court that it need not resolve jurisdiction to do so. Only now, after receiving a ruling it is unhappy with, does OSFM change

its tune and seek a do-over. OSFM's argument in its Motion that the Court erred by assigning enforcement responsibility to PHMSA without resolving the interstate status of the pipeline is not a "material difference in . . . law from that presented to the Court" in OSFM's motion to enforce. *See* C.D. Cal. L.R. 7-18. It is the inverse of an argument that OSFM already raised. Such an argument is an improper basis for a reconsideration motion under Local Rule 7-18.

Thus, the Motion fails to satisfy the requirements under Local Rule 7-18 and should be denied on that basis alone. The Motion suffers from additional defects that warrant denial. Those arguments are addressed in turn below.

### B. The modified Consent Decree conforms to federal law.

#### *1. The modification does not conflict with the Pipeline Safety Act.*

The Order was a lawful exercise of the Court's inherent authority to modify court orders like Consent Decrees. And the modification does not violate the Pipeline Safety Act or any other law. A consent decree may be modified where there has been a significant change in facts or law warranting revision, and the proposed modification is "suitably tailored" to those changed circumstances. *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383 (1992). A modification is "suitably tailored" when it returns the parties as nearly as possible to where they would have been absent the changed circumstances. *Flores v. Bondi*, 803 F. Supp. 3d 1018, 1026 (C.D. Cal. 2025) (citing *Kelly v. Wengler*, 822 F.3d 1085, 1098 (9th Cir. 2016)).

Here, as the Court explained, "[f]or decades . . . while the pipeline was still functioning as an interstate pipeline . . . PHMSA was the sole regulator." Order at 18. Thus "the original expectations of the parties anticipated a role for PHMSA in regulating the Onshore Pipeline." *Id.* at 19. The Order merely rebalanced these preexisting roles, and it thoroughly explained its reasons for doing so. The Order identifies "the national energy emergency and resulting DPA Order" as a significant change in circumstances supporting modification of the Consent Decree. *Id.* at 12.

In light of that changed circumstance, the Order modifies the Consent Decree to "substitute PHMSA for California's OSFM as the primary regulatory agency responsible for overseeing Sable's compliance with the Consent Decree in its operation of the CA-324 and CA-325 pipelines." *Id.* at 16. This modification was intended "to reduce the regulatory authority of California's agencies over the operation of the pipeline, so as to concentrate regulatory authority in the federal government." *Id.* at 17–18. To ensure that Sable's "ongoing operational obligations" are not reduced by the modification, *id.* at 18, the Order also incorporated "all the substantive standards for pipeline maintenance and operation that *would be* applicable to Sable under California's Elder Pipeline Safety Act" directly into the Consent Decree. *Id.* at 22. The Order recognized that an arrangement assigning a federal agency primary authority to oversee compliance with a Consent Decree incorporating state law standards is "unusual." *Id.* Nevertheless, it determined this arrangement is "necessary" to ensure that "both major public interest factors here—protecting energy security and the ecology of California's coast" are protected while honoring the parties' expectations about the applicable substantive rules. *Id.*

OSFM does not dispute the Court's finding that changed circumstances warrant modification of the Consent Decree, nor does it assert that the chosen modification fails to place the parties "as nearly as possible" to their original position. Instead, OSFM asserts that, because the Pipeline Safety Act provides certified state authorities the power to regulate *intrastate* facilities, a modification that would put PHMSA in charge of enforcing California's state pipeline safety laws violates federal law. *See* ECF No. 87-1, at 3–4. But that is not what the Order here does.

The Pipeline Safety Act bars state authorities from adopting or continuing in force pipeline safety standards for *interstate* pipeline facilities. *See* 49 U.S.C. § 60104(c). It further bars the Secretary of Transportation from prescribing or

enforcing safety standards and practices for *intrastate* pipeline facilities regulated by certified state authorities. *See* 49 U.S.C. § 60105(a). Sable maintains that the pipeline is an *interstate* pipeline subject to PHMSA's exclusive pipeline safety jurisdiction—and therefore the Consent Decree confirms PHMSA's role as the proper pipeline safety regulator. And Sable agrees with OSFM's original position in this litigation, that the Court need not decide the jurisdictional question here: PHMSA has asserted jurisdiction; the Ninth Circuit declined to enter an injunction against PHMSA's assertion of jurisdiction; and thus the status quo, pending any further orders from the Ninth Circuit, is that PHMSA is the agency with authority for safety over the pipeline.

Yet, even assuming *arguendo* that the onshore segments are properly classified as *intrastate*, the modification does not conflict with the Pipeline Safety Act because it merely adds substantive compliance requirements to the Consent Decree and puts PHMSA in charge of Consent Decree enforcement; it does not require or authorize PHMSA to prescribe or enforce state law. The Order expressly provides that the modification does not "mandat[e] compliance with California law and regulations as enforced by California agencies. . . ." Order at 22. Rather, it incorporates the pre-existing substantive requirements embodied in those laws and standards as additional Consent Decree requirements "among the other terms of the Consent Decree," *id.*, with PHMSA substituted for OSFM as "the primary regulatory agency responsible for overseeing Sable's compliance" with those terms. *Id.* at 16. In other words, the Order added additional substantive requirements into the Consent Decree, and assigned PHMSA primary responsibility for ensuring compliance with those requirements. *Id.* at 22. Thus, any act by PHMSA to enforce those standards is an action to enforce the Consent Decree, not federal regulation of an *intrastate* facility. The modification does not run contrary to any statutory command.

*2. OSFM cites no authority invalidating a consent decree that assigns enforcement to a federal agency.*

OSFM is wrong about the supposed tension between the Order and the Pipeline Safety Act. But regardless, any alleged tension does not require reconsideration. OSFM has identified no conflict with controlling authority—indeed, it has not identified a single case, controlling or otherwise, that holds a consent decree modification is invalid merely because it assigns enforcement responsibility to a federal agency. Its motion should be denied.

OSFM cites *Conservation Nw. v. Sherman*, 715 F.3d 1181 (9th Cir. 2013) for the position that a district court may never approve a Consent Decree or modification that conflicts with an applicable statute. *Sherman* is inapposite. That court rejected the consent decree at issue where its provisions would have allowed the party-agencies "to promulgate a substantial and permanent amendment" to the applicable statutes without following the proper procedures for doing so. *Id.* at 1188. In doing so, the court recognized the decree would not be improper where it "merely temporarily restore[d] the status quo." *Id.* at 1187 (quoting *Turtle Island Restoration Network v. U.S. Dep't of Com.*, 672 F.3d 1160, 1167 (9th Cir. 2012)). This is, of course, exactly what the Court's Order does: it confirms that jurisdiction is returned to PHMSA as a result of the intervening DPA Order to "concentrate regulatory authority in the federal government" to ensure the purpose of the DPA Order can be carried out. OSFM's reliance on *Sherman* is misplaced for an additional reason: *Sherman* involved a consent decree that "substantially and permanently amend[ed]" the regulatory framework. *Id.* at 1188. Here, by contrast, the Order "merely temporarily restore[d] the status quo" by assigning PHMSA—a federal agency with pipeline safety expertise—to oversee compliance until the Consent Decree is terminated.

Applying that distinction here, the relevant question is not merely whether the Order touches upon a statutory allocation of authority, but whether the Order effects the type of substantial and permanent change that *Sherman* found impermissible. Unlike the consent decree in *Sherman*, the Order here does not authorize PHMSA to promulgate a new substantive regulatory regime or permanently amend state pipeline standards. The Order merely incorporates existing state substantive requirements into the Consent Decree, and assigns PHMSA responsibility for ensuring compliance with those terms. *See* Order at 21. The Order changes the entity responsible for administering and enforcing the existing requirements, but it does not substantively alter those requirements themselves.

Nor does the Order permanently deprive OSFM of the ability to enforce its interests in the Consent Decree. The Order expressly recognized that "[i]f California identifies noncompliance, it can vindicate its interest before this Court through a motion to enforce the Consent Decree. As such, California is not left without recourse." *Id.* at 23. Thus, while the Order establishes a different mechanism for administering the existing requirements, it preserves OSFM's ability to return to the court if it believes those requirements are not being enforced.

### C. OSFM improperly invites the Court to decide the jurisdictional status of the SYPS.

OSFM's Motion assumes the pipeline is an *intrastate* pipeline, as defined under the Pipeline Safety Act, and seeks reconsideration "to comport with the Pipeline Safety Act's command that *intrastate* pipeline safety be administered by OSFM." ECF No. 87-1 at 1. The assertion that the Consent Decree must be revised to "comport" with the Pipeline Safety Act is contrary to arguments California has raised elsewhere on this issue.

In briefing on its Ninth Circuit Petition for Review, California took the position that the Consent Decree's original language assigning OSFM to oversee

enforcement was a "determination that [CA-324 and CA-325] are subject to state rather than federal regulation" and a "judgment" that they fall within OSFM's *intrastate* jurisdiction. Petitioner's Opening Brief at 41, *California v. PHMSA*, No. 25-8059 (9th Cir.), DktEntry 51.1. Under California's reasoning before *that* Court, the Consent Decree itself "settles the question of who the regulator is for Lines CA-324/325" regardless of whether doing so is consistent with the Pipeline Safety Act. *Id.* at 39. If California is correct that the Consent Decree is the final authority on which agency has jurisdiction, then the Court's substitution of PHMSA for OSFM in the Consent Decree would, by California's own logic, likewise be a "determination" that CA-324 and CA-325 are subject to federal, rather than state, regulation and a "judgment" that they fall within PHMSA's *interstate* jurisdiction.

This position is wrong. The Consent Decree did not (and still does not) resolve the jurisdictional status of CA-324 and CA-325, as defined in the Pipeline Safety Act. The Court deliberately—and reasonably—avoided answering that question in the abstract (*i.e.*, which agency would have jurisdiction in the absence of a Consent Decree and a DPA Order) here by modifying the Consent Decree to both incorporate the substantive state law requirements that OSFM sought, and to substitute PHMSA as the responsible enforcement agency, as requested by the United States and Sable. Order at 22. That arrangement applies "regardless of whether the pipeline is determined to be 'intrastate' or 'interstate' for the purposes of the Pipeline Safety Act. . . ." *Id.* OSFM cannot use reconsideration to force a jurisdictional ruling the Court consciously avoided—and that OSFM *itself* told the Court it "***need not decide***" to enforce the Consent Decree. ECF No. 55, at 28 (emphasis added); *see Kona*, 229 F.3d at 890.

The Court retains inherent equitable power to modify the Consent Decree in the future. A subsequent ruling from the Ninth Circuit resolving the jurisdictional question may serve as grounds for future modification requests. But doing so now

risks inconsistent adjudication of the jurisdictional question currently being considered by the Ninth Circuit. Denying reconsideration and deferring the jurisdictional question is consistent with OSFM's *own* position in its Motion to Enforce Consent Decree that "[t]his Court need not decide [the question of interstate versus intrastate] in order to enforce the Consent Decree." Motion to Enforce, ECF No. 55, at 28. OSFM cannot have it both ways—it cannot urge the Court to avoid the jurisdictional question when seeking relief, then complain that the Court did exactly that when the outcome is not to OSFM's liking.

**D. If the Court reconsiders its modification, it should strike the component of the Order incorporating state law into the Consent Decree and leave PHMSA as regulator.**

If the Court is convinced by OSFM that the Consent Decree modification—incorporating state law substantive requirements with PHMSA enforcement—is unworkable, the solution is to remove the state law requirements, not to reinstate OSFM as regulator.

A consent decree "must . . . be modified if . . . one or more of the obligations placed upon the parties has become impermissible under federal law." *Rufo*, 502 U.S. at 388. Sable maintains that the modified Consent Decree does not place impermissible obligations on PHMSA. But regardless, the remedy in this situation would be to sever the provisions imposing the impermissible obligation, while leaving the valid provisions intact.

The only substantive post-restart requirement that the Court identified as beyond the scope of the applicable PHMSA special permit, and thus unique to California state law, is compliance with the California Elder Pipeline Safety Act. Order at 21. As the Court recognized, PHMSA's Special Permit "essentially copied" the post-restart conditions from OSFM's State Waivers. *Id.* at 20. Those same conditions have now been expressly incorporated into the Consent Decree. *Id.* at 21.

The parties' expectations about which substantive rules would apply to the owner of the pipeline would not be disturbed by severing the Elder Act overlay because that safety regime, as contemplated by the parties in the State Waivers, is itself fully incorporated into the Consent Decree.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny OSFM's Motion.

Dated: September 18, 2026

Respectfully submitted,

By: /s/ *Nicholas McDaniel*

BABST CALLAND
Nicholas McDaniel (*pro hac vice*)
*nmcdaniel@babstcalland.com*
505 Ninth St., NW, Suite 602
Washington, DC 20004
Telephone: +1 202.853.3455
Facsimile: +1 202.853.3491

LATHAM & WATKINS LLP
Jessica Stebbins Bina (Bar No. 248485)
*jessica.stebbinsbina@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: +1 424.653.5500
Facsimile: +1 424.653.5501

HOLLAND & KNIGHT LLP
James W. Noe (*pro hac vice forthcoming*)
*jim.noe@hklaw.com*
800 17th Street N.W., Suite 1100
Washington, D.C. 20006
Telephone: +1 202.469.5525

*Attorneys for Sable Offshore Corp. and Pacific Pipeline Company*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Sable Offshore Corp. and Pacific Pipeline Company, hereby certifies that this Opposition to California Office of the State Fire Marshal's Motion for Reconsideration contains 3,622 words, which complies with the word limit under L.R. 11-6.1.

Dated: September 18, 2026

/s/ *Nicholas McDaniel*
Nicholas McDaniel