ROB BONTA
Attorney General of California
MYUNG J. PARK
SUPERVISING DEPUTY ATTORNEY GENERAL
MICHAEL S. DORSI (CA BAR NUMBER: 281865)
E-mail: Michael.Dorsi@doj.ca.gov
MATTHEW G. BULLOCK (CA BAR NUMBER: 243377)
E-mail: Matthew.Bullock@doj.ca.gov
DEPUTY ATTORNEY GENERAL
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
P.O. Box 85266
Tel: (415) 510-4400
Fax: (619) 645-2581

ERIC M. KATZ
SUPERVISING DEPUTY ATTORNEY GENERAL
MICHAEL T. ZARRO (CA BAR NUMBER: 110171)
E-mail: Michael.Zarro@doj.ca.gov
DEPUTY ATTORNEY GENERAL
300 S. Spring Street, Suite 1702
Los Angeles, CA 90013
Telephone: (213) 269-6347
Fax: (916) 731-2128

*Counsel for Plaintiff California Department of Forestry and Fire Protection's Office of State Fire Marshal*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, and the PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PLAINS ALL AMERICAN PIPELINE, L.P. and PLAINS PIPELINE, L.P.,<br><br>Defendants. | Case No. 2:20-cv-02415-SVW-SSCx<br><br>**CALIFORNIA PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**<br><br>Date: October 19, 2026<br>Dept. 10A<br>Time: 1:30 pm<br>Judge: Hon. Stephen V. Wilson<br>Action Filed: March 13, 2020<br>Judgment Amended: Aug. 19, 2026 |

## TABLE OF CONTENTS

**Page**

Introduction ........ 1

Argument ........ 2

I. Reconsideration is the Appropriate Vehicle to Address Remedies That No Party Requested and are Contrary to Governing Statutes ........ 2

II. The Assignment of Pipeline Safety Regulation to PHMSA, to the Exclusion of OSFM, Without a Conclusion as to Intrastate Status, is Contrary to the Pipeline Safety Act ........ 4

III. The Reservation for OSFM to Move to Enforce the Consent Decree is of Little Value Because Sable Does Not Disclose its Non-Compliance to OSFM ........ 7

IV. Reconsideration Would Not Affect Plains ........ 8

Conclusion ........ 8

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Anthropic PBC v. U.S. Dep't of War*
825 F. Supp. 3d 1101 (N.D. Cal. 2026)............................................6

*Carroll v. Nakatani*
342 F.3d 934 (9th Cir. 2003)............................................2

*Conservation Northwest v. Sherman*
715 F.3d 1181 (9th Cir. 2013)............................................1, 5

*Gates v. Shinn*
98 F.3d 463 (9th Cir. 1996)............................................6

*In re Countrywide Financial Corp. Mortgage-Backed Securities Litigation*
966 F. Supp. 2d 1031 (C.D. Cal. 2013)............................................3, 4

*Keith v. Volpe*
784 F.2d 1457 (9th Cir. 1986)............................................3

*Kona Enterprises, Inc. v. Estate of Bishop*
229 F.3d 877 (9th Cir. 2000)............................................3

*Loper Bright Enters. v. Raimondo*
603 U.S. 369 (2024)............................................4

*Mi Familia Vota v. Fontes*
129 F.4th 691 (9th Cir. 2025)............................................6

*N.L.R.B. v. Sambo's Rest., Inc.*
641 F.2d 794 (9th Cir. 1981)............................................2

*Southern Pacific Pipe Lines Inc. v. U.S. Dep't of Transp.*
796 F.2d 539 (D.C. Cir. 1986)............................................5

*Taylor v. United States*
181 F.3d 1017, 1024 (9th Cir. 1999)............................................6

*United States v. Munsingwear, Inc.*
340 U.S. 36 (1950)............................................6

## TABLE OF AUTHORITIES
## (continued)

**Page**

*Whittaker Corp. v. Execuair Corp.*
953 F.2d 510 (9th Cir. 1992) ........ 1, 2

*Wyeth v. Levine*
555 U.S. 555 (2009) ........ 4

**Statutes**

49 United States Code
§ 60104(c) ........ 5
§ 60105 ........ 5
§ 60105(a) ........ 5
§ 60105(f) ........ 5

## INTRODUCTION

In its August 19, 2026 Order, this Court announced that "PHMSA will be responsible for enforcing [pipeline safety rules], regardless of whether the pipeline is determined to be 'intrastate' or 'interstate' for the purposes of the Pipeline Safety Act . . . ." ECF 86 at 22. Because this remedy contradicts the commands of the Pipeline Safety Act (PSA), the California Office of the State Fire Marshal (OSFM) seeks reconsideration.

The U.S. and Sable both oppose, but their reasons do not match.

The U.S. contends this is not a basis for reconsideration—this is wrong, *see Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992), discussed in Argument, Part I. Tellingly, the U.S. never disputes that the Ninth Circuit's decision in *Conservation Northwest v. Sherman*, 715 F.3d 1181, 1185 (9th Cir. 2013), is applicable to this Consent Decree. Nor does the U.S. suggest that the modification of the Consent Decree to assign pipeline regulation duties to PHMSA could be lawful if Lines CA-324/325 are *intrastate* pipelines.

Sable agrees with the U.S. as to whether reconsideration is appropriate, but takes a different approach to *Conservation Northwest* and whether consent decrees can impose conditions contrary to federal statutes. The key to Sable's arguments, repeated twice, is that the modification is temporary, not permanent. ECF 90 at 8, 10. But the modification of a consent decree is a post-judgment order, which carries the attributes of a judgment. This Court's August 19 Order does not say that it is a preliminary injunction.

If this Court in fact intends that its August 19 Order be temporary, and not constitute a modification of a judgment, the Court should say so. If the Court in fact intends that its August 19 Order be a modification of a final judgment (*i.e.*, a final order), then this Court's order must be consistent with federal statutes, as explained in *Conservation Northwest*. Because the August 19 Order is inconsistent with the federal PSA, the Court should reconsider its Order.

## ARGUMENT

### I. RECONSIDERATION IS THE APPROPRIATE VEHICLE TO ADDRESS REMEDIES THAT NO PARTY REQUESTED AND ARE CONTRARY TO GOVERNING STATUTES

The U.S. and Sable argue that OSFM should have made arguments against this remedy during the ordinary briefing, regardless of the fact that no party requested this remedy. But this is a textbook use of a motion for reconsideration.

In *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992), the Ninth Circuit considered a similar situation. In a contempt proceeding, the district court imposed the unusual and unrequested remedy of a permanent ban from an area of business and compelled destruction of the party's entire inventory. *Id.* at 514. The Ninth Circuit not only treated the motion for reconsideration as procedurally proper, but suggested that the motion for reconsideration may have been necessary to preserve the remedy issues for appeal. *Id.*, *see also N.L.R.B. v. Sambo's Rest., Inc.*, 641 F.2d 794, 796 (9th Cir. 1981) (in agency proceeding, because party "failed to file a motion for reconsideration to contest the appropriateness of the additional remedies, it is barred from raising such arguments for the first time in" the Ninth Circuit).

Consistent with these principles, this Court's Local Rules allow reconsideration to address arguments that a party exercising "reasonable diligence" might not have briefed. Similarly, the Ninth Circuit's precedents asks whether the arguments "could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Neither the U.S. nor PHMSA suggests that they asked this Court to conclude that it could replace OSFM with PHMSA as the pipeline safety regulator for CA-324/325 regardless of the interstate or intrastate status of the pipelines. The first time the concept arose was in the Court's Order. It was entirely reasonable that OSFM did not brief this issue—in fact, it would have been unreasonable for OSFM to spend part of its brief addressing a remedy that had not been requested. The U.S. characterizes this as "a merits challenge to the Court's

remedial structure," arguing that OSFM should have raised this during briefing. ECF 89 at 4:14-15. But OSFM had no way to know that this might be the Court's remedial structure until it received the Order on August 19, 2026.

The U.S. relies on *Keith v. Volpe*, 784 F.2d 1457, 1459 (9th Cir. 1986), to defend the imposition of relief on consent decrees that no party requested. ECF 59 at 4:7-9. In *Keith*, this Court addressed a dispute over the power to remove members of a board created to administer a consent decree. *Keith*, 784 F.2d at 1459. This Court protected the appointees from removal but added additional seats to the board, allowing the agencies that desired to replace certain appointees to instead add new members, expanding the total size of the board. *Id.* The Ninth Circuit affirmed the modification. *Id.* at 1462. But neither the Ninth Circuit nor this Court indicated that a motion for reconsideration would have been inappropriate in *Keith*. The aggrieved parties simply appealed rather than seeking reconsideration, but there is no indication that they could not have done so. More, there is no indication that any party argued that expanding the size of the board was inconsistent with any of the relevant statutes or constitutional provisions at issue in *Keith*. Simply put, *Keith* is not applicable and the U.S. offers no authority for the proposition that reconsideration is unavailable when a court issues a remedy that no party requested or briefed.

Sable's argument is more complicated, but also wrong. Sable relies on two cases—*Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877 (9th Cir. 2000) and *In re Countrywide Financial Corp. Mortgage-Backed Securities Litigation*, 966 F. Supp. 2d 1031 (C.D. Cal. 2013)—to argue that OSFM could have made the arguments in this Motion for Reconsideration earlier, and on that basis it should be denied. But neither *Kona* nor *Countrywide* matches this case. In *Kona*, the Ninth Circuit identified the date of the first adverse ruling on the issue for which the plaintiff-appellants sought reconsideration, and that the plaintiffs had submitted two

briefs and participated in an oral argument before first raising the issue on a motion for reconsideration.

In *Countrywide*, the plaintiffs contended that "they did not expect the Court to dismiss claims on the basis of preemption" but "[p]rior to the hearing on the motion to dismiss, the Court instructed the parties by minute order to prepare for and specifically address at the hearing whether [*inter alia*] the doctrine of federal preemption should affect the Court's interpretation of" the relevant statutes. *Countrywide*, 966 F. Supp. 2d at 1039-40.

Neither of those situations are analogous to this case. OSFM's Motion for Reconsideration comes immediately after this Court's only order addressing the relationship between the Consent Decree and the PSA. There were no intervening motions or other briefings in this case. And while this Court did issue a supplemental briefing order, it instructed the parties to "hit [the Court] with your best shot," not to respond to whether an order assigning pipeline safety regulation could be ordered regardless of interstate or intrastate status of CA-324/325. Accordingly, a motion for reconsideration is a proper vehicle for OSFM to raise these arguments.

## II. The Assignment of Pipeline Safety Regulation to PHMSA, to the Exclusion of OSFM, Without a Conclusion as to Intrastate Status, is Contrary to the Pipeline Safety Act

As explained in the opening brief, the PSA resolves the question of when state or federal agencies regulate pipeline safety based on the interstate or intrastate status of the pipeline. Congress did not provide for discretion in this calculation—not for PHMSA, and not for courts. This type of question is statutory interpretation, not a delegation to weigh various interests. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 413 (2024), *Wyeth v. Levine*, 555 U.S. 555, 577 (2009).

Sable contends that, even if CA-324/325 is an intrastate pipeline, "any act by PHMSA to enforce those standards is an action to enforce the Consent Decree, not federal regulation of an *intrastate* facility." ECF 90 at 7:24-26. But whether the

actions enforce the Consent Decree, a federal statute, or a state statute makes no difference in applying the text of the PSA. The PSA commands that "the Secretary of Transportation may not prescribe or enforce safety standards and practices for an intrastate pipeline facility or intrastate pipeline transportation" for an intrastate pipeline in a state with a certification. 49 U.S.C. § 60105(a). Not only does this Court create new responsibility for PHMSA, but also requires it to enforce safety standards (those in the Special Permit and any additional requirements from California's Elder Pipeline Safety Act). The incorporation of safety standards into a consent decree does not transform them into something other than safety standards.

More importantly, the PSA explicitly preserves the role of state agencies in pipeline safety regulation—both authorizing states to impose more stringent standards than the federal government and delegating to the states the power to enforce them. *See* 49 U.S.C. §§ 60104(c), 60105, *Southern Pacific Pipe Lines Inc. v. U.S. Dep't of Transp.*, 796 F.2d 539, 540 (D.C. Cir. 1986) (the Secretary "is also required to cede enforcement authority over intrastate pipelines back to a state if she certifies that the state's regulatory program meets those federal minimum standards."). If CA-324/325 are *intrastate* pipelines, then the August 19 Order is contrary to this preservation of the state's role ordered by Congress.

Sable also defends the August 19 Order by arguing that *Conservation Northwest v. Sherman*, 715 F.3d 1181, 1185 (9th Cir. 2013), concerned a permanent change without following proper procedures, while the change in this case is temporary. ECF 90 at 8-9. There are two problems with this argument:

First, the transfer of agency jurisdiction from OSFM to PHMSA did not go through proper procedures. The PSA establishes the procedure for PHMSA to assert federal jurisdiction over intrastate pipelines. *See* 49 U.S.C. § 60105(f). Notably, that provision is limited to cases where the state is not satisfactorily enforcing compliance with federal standards, and it requires prior notice and an opportunity for a hearing. 49 U.S.C. § 60105(f). Here, there has been no

determination of the State's regulatory insufficiency. There is no provision of the PSA—or any other statute—authorizing the federal government to take over regulation of intrastate pipelines based on other federal interests. An action by this Court, modifying a consent decree imposed for purposes of pipeline safety, does not alter this statutory scheme.

Second, Sable's characterization of the modification of the Consent Decree as temporary misunderstands the legal nature of post-judgment orders. As to the portions of the August 19 Order modifying the Consent Decree, that order is the equivalent of a final judgment. *See Gates v. Shinn*, 98 F.3d 463, 467 (9th Cir. 1996) (citing *Stone v. City and County of San Francisco*, 968 F.2d 850 (9th Cir.1992). The order entering the Consent Decree itself is a judgment, and this order modifies the judgment. This August 19 Order does not take on the attributes of a temporary order (*e.g.*, a preliminary injunction) just because the Consent Decree may soon be terminated; a consent decree maintains the preclusive effect of a final judgment even after the docket is closed. *Mi Familia Vota v. Fontes*, 129 F.4th 691, 718 (9th Cir. 2025), *cert. granted sub nom. Republican Nat. Comm. v. Mi Familia Vota*, No. 25-1017, 2026 WL 1855101 (U.S. June 29, 2026) (discussing *Taylor v. United States*, 181 F.3d 1017, 1024 (9th Cir. 1999)). The result is that this Court issued a final order, with the effect of a final judgment, containing the conclusion that a court may impose a remedy contrary to the PSA.[1]

[1] Courts also have the power to issue interim relief. *See, e.g.*, *Anthropic PBC v. U.S. Dep't of War*, 825 F. Supp. 3d 1101, 1121 (N.D. Cal. 2026). In doing so, courts must *consider* likely success on the merits, but the decision also rests on irreparable harm, the balance of equities, and the public interest. *Id.* Here, the Court faces an unusual situation. The merits question—*inter*state or *intra*state status of Lines CA-324/325—is not waiting for a final trial in *this* case. Rather, the merits question is presented to the Ninth Circuit Court of Appeals in a different case: *California v. PHMSA*, No. 26-508 and related cases. This Court would be within its power to issue a preliminary ruling determining the pipeline safety regulator *until* the Ninth Circuit resolves the question. If the Court elects this option, it should instruct the parties to provide a status update to this Court upon resolution of the pending cases at the Ninth Circuit Court of Appeals. Alternatively, if the Court terminates the Consent Decree while this issue remains unresolved, it may vacate the effect of the earlier order. *See United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950).

As a final note, Sable suggests that OSFM made arguments in its earlier papers that are in tension with OSFM's Motion for Reconsideration, and that justifies rejecting the arguments before the Court now. First, Sable mischaracterizes OSFM's arguments, which were rooted in a consent decree imposed based on agreement of the parties, not a modification to a consent decree over a party's objection. But more importantly, this Court (at least impliedly) rejected OSFM's prior arguments on this point. It is not only permissible, but appropriate, for a party, having lost an argument, to revise its positions to conform to what a court decided. That is precisely what OSFM does here.

## III. The Reservation for OSFM to Move to Enforce the Consent Decree is of Little Value Because Sable Does Not Disclose its Non-Compliance to OSFM

In the August 19 Order, this Court noted that OSFM could seek to enforce pipeline safety requirements through motions to this Court. Sable relies on this, arguing that "while the Order established a different mechanism for administering the existing requirements, it preserves OSFM's ability to return to the court if it believes those requirements are not being enforced." ECF 90 at 9:15-17. The problem with this argument is that with OSFM no longer the regulator, it does not receive the relevant disclosures from Sable.

Sable's recent identification of several weaknesses in CA-324 is instructive. Sable identified several locations of concern, all near the coast, and intends to dig into the ground, expose the pipe, perform additional tests, and if the results of the initial tests are confirmed, perform additional remediation work. Sable did not report this to OSFM. OSFM only learned of it because Sable transmitted certain documents to the County of Santa Barbara, which OSFM later obtained through an alternate source. *See* Request for Judicial Notice, Exhibit 1 (letter describing in-line inspection), *see also* Exhibits A-D2. But this is unlikely to be the case for all future disputes. The Court should not rely on OSFM's ability to obtain documents through unofficial channels to maintain pipeline safety and preserve state interests.

## IV. Reconsideration Would Not Affect Plains

Defendant Plains responded to this Motion by noting that this Motion does not implicate Plains. Plains is correct.

## CONCLUSION

The Court should amend its order to—either permanently or preliminarily—address the question of *inter*state versus *intra*state status under the PSA.

Dated: October 2, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
MYUNG J. PARK
ERIC M. KATZ
Supervising Deputy Attorneys General

*/s/ Michael S. Dorsi*
MICHAEL DORSI
Deputy Attorney General
*Counsel for Plaintiff California Department of Forestry and Fire Protection's Office of the State Fire Marshal*

LA2015500901

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for the California Office of the State Fire Marshal certifies that this brief contains 2,533 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 2, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
MYUNG J. PARK
ERIC M. KATZ
Supervising Deputy Attorneys General

*/s/ Michael S. Dorsi*
MICHAEL DORSI
Deputy Attorney General
*Counsel for Plaintiff California Department of Forestry and Fire Protection's Office of the State Fire Marshal*