LATHAM & WATKINS LLP
Jessica Stebbins Bina (Bar No. 248485)
*jessica.stebbinsbina@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: +1 424.653.5500
Facsimile: +1 424.653.5501

BABST CALLAND
Nicholas McDaniel (*pro hac vice*)
*nmcdaniel@babstcalland.com*
505 Ninth St., NW, Suite 602
Washington, DC 20004
Telephone: +1 202.853.3455
Facsimile: +1 202.853.3491

HOLLAND & KNIGHT LLP
James W. Noe (*pro hac vice*)
*jim.noe@hklaw.com*
Rafe Peterson (*pro hac vice*)
*rafe.peterson@hklaw.com*
800 17th Street N.W., Suite 1100
Washington, D.C. 20006
Telephone: +1 202.469.5525

*Attorneys for Sable Offshore Corp. and Pacific Pipeline Company*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA; THE PEOPLE OF THE STATE OF CALIFORNIA, et al.,

Plaintiffs,

v.

PLAINS ALL AMERICAN PIPELINE, L.P. and PLAINS PIPELINE, L.P.,

Defendants.

Case No. 2:20-cv-02415-SVW-SSCx

**SABLE OFFSHORE CORP. AND PACIFIC PIPELINE COMPANY'S OPPOSITION TO CALIFORNIA OFFICE OF THE STATE FIRE MARSHAL'S REQUEST FOR JUDICIAL NOTICE AND OBJECTION TO PART III OF REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**

Date: October 19, 2026
Time: 1:30pm
Courtroom: 10A
Judge: Hon. Stephen V. Wilson

# I. INTRODUCTION

On October 2, 2026, California filed its Reply in Support of its Motion for Reconsideration, ECF No. 95, alleging for the first time in its Reply that the Office of the State Fire Marshal ("OSFM") "does not receive the relevant disclosures from Sable" in order to be able to potentially enforce the Consent Decree. This is false. *Just two days prior*, Sable submitted to OSFM its biannual compliance report under the Consent Decree, covering "the status of [Sable's] compliance with the Consent Decree"—the exact compliance disclosures California claimed it does not receive. ECF No. 6-1, Consent Decree ¶ 57.

In support of its incorrect claim, California asks the Court to take judicial notice of improper and irrelevant materials that OSFM argues are "illustrative": a September 8, 2026 submission by Sable to Santa Barbara County and its accompanying exhibits. This routine County correspondence noted Sable's upcoming validation dig work on the pipeline—validation digs *that are required for pipeline safety compliance*.

The request rests on improper new matter. California concedes the noticed exhibits are relevant only "for the reasons discussed in Part III of the Reply," ECF No. 96 at 2, in support of an argument that appears nowhere in California's opening motion, despite the fact that California's ability to seek to enforce the Consent Decree is directly addressed in the Order it now asks the Court to reconsider. Because the request for judicial notice rests on new matter raised for the first time in reply, the request should be denied, and Part III, which relies on these improper and irrelevant materials, should be disregarded.

The request also exceeds the purpose of the judicial-notice rules and should be denied. California does not seek notice merely of the fact that Sable made this submission to the County. It asks the Court to accept as true the inference California draws from that submission—that Sable is not complying with its safety and

disclosure obligations. This inference is not just disputed; it is blatantly false. This is not a proper use of judicial notice. The proposed exhibits are irrelevant to any compliance issues and cannot establish the proposition California asks the Court to accept. Judicial notice is not a proper vehicle for introducing such irrelevant materials or establishing a disputed and unsupported inference.

The Court should deny the request for judicial notice, sustain Sable's objection to Part III of California's Reply, and disregard that Part III and its supporting exhibits in resolving the Motion for Reconsideration.

## II. <u>ARGUMENT</u>

### A. Part III and its supporting evidence should be disregarded.

The Court should decline to consider Part III and its supporting evidence because they appear for the first time on Reply.

It is an uncontested, long-established point of law that a moving party must set out a complete statement of its legal arguments and the evidence upon which its motion is based in its opening papers and may not introduce new evidence and argument for the first time on reply. *See* C.D. Cal. L.R. 7-5. Accordingly, a Court may properly disregard arguments and evidence that a party withholds from its opening papers and raises for the first time in reply. *See e.g., Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (explaining that a "district court need not consider arguments raised for the first time in a reply brief."); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (where "new evidence is presented in a reply . . . the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond."); *Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1027 (C.D. Cal. 2018) ("New evidence submitted as part of a reply is improper" because it does not afford the opposing party an adequate opportunity to respond); *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. SACV15-865-AG (JCGx), 2016 WL 9408516, at *1 (C.D. Cal. Feb. 25, 2016) (declining to consider

"any new materials improperly included in . . . reply"); *Ramirez v. Cnty. of Riverside*, 5:21-01155 GW (ADS), 2022 WL 4227555, at *5 n. 2 (C.D. Cal. Aug. 17, 2022), *report and recommendation adopted,* 2022 WL 4225384 (C.D. Cal. Sept. 12, 2022) (declining to consider argument "raised for the first time" in reply and denying request for judicial notice).

The opening motion for reconsideration argued only that the modified Consent Decree conflicts with the Pipeline Safety Act. It did not raise or address Sable's reporting or disclosure practices, despite this Court's Order directly addressing OSFM's ability to review Sable's biannual reports and seek to enforce the Consent Decree. If California believed this Court erred in finding that California could seek to enforce the Consent Decree, then it needed to raise that argument in its motion—not wait to raise a new theory, premised on new, irrelevant correspondence that California misleadingly claims is evidence of noncompliance (which it is not). Part III is thus a new argument, resting on new irrelevant evidence, that the Court should decline to consider.

**B. The RJN is an improper use of judicial notice.**

California contends in Part III of its Reply—for the first time—that the Court's reservation of California's right to move to enforce the Consent Decree is of "little value" because Sable allegedly "does not disclose its non-compliance to OSFM." ECF No. 95 at 11. California thus offers the county submission to prove a contested proposition: that Sable is (a) noncompliant with its pipeline safety obligations and (b) not disclosing compliance information to OSFM. Neither proposition is true, and neither is a proper subject of judicial notice. The request should be denied for two independent reasons.

***First***, California improperly presents the exhibits to prove a contested point of fact. The Court "cannot take judicial notice of disputed facts" contained within a document. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

A Court may notice "the content of the [documents] and the fact that they were filed" but "[t]he truth of the content, ***and the inferences properly drawn from them***, . . . is not a proper subject of judicial notice under Rule 201." *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008) (emphasis added). California does not ask the Court to notice merely the existence of Sable's Santa Barbara County submission. It asks the Court to draw from that filing two contested inferences: that Sable is not complying with its safety obligations and has failed to make required disclosures to OSFM. These inferences are not only disputed, but demonstrably false.

*The validation digs are routine, required compliance work—not evidence of noncompliance.* California's own exhibit establishes that the digs are work Sable "is required to perform in order to comply with federal pipeline safety regulations." ECF No. 96, Ex. 1 (Sept. 8, 2026 Cover Letter). As OSFM is well aware, this work is mandated by PHMSA's Special Permit, which "essentially copied the post-restart conditions and standards from the State Waivers verbatim." ECF No. 86, Order at 20. And this Court's August 19 Order expressly incorporated those State Waiver conditions into the Consent Decree itself. *Id.* Thus, the integrity-management work Sable is performing tracks the very conditions OSFM imposed through its own State Waivers. Far from evidencing noncompliance, the exhibits show Sable doing exactly what federal and state pipeline safety law, the Special Permit, and the Consent Decree itself require.

*California's assertion that it does not receive the relevant disclosures is false.* This Court found in the August 19 Order that "California and its agencies will still receive the biannual reports from Sable describing the status of its compliance with the Consent Decree as to the Onshore Pipeline," and that "[i]f California identifies noncompliance, it can vindicate its interest before this Court through a motion to enforce the Consent Decree." Order at 23. California has not made any such motion. Nor could it, because Sable is in compliance and continues to serve those biannual

reports on the California plaintiffs. Those reports describe "the status of Defendants' compliance with the Consent Decree"—precisely the disclosure OSFM claims it does not receive. ECF No. 6-1, Consent Decree ¶ 57. Asking the Court to adopt California's contrary inference through judicial notice violates the very purpose of the rule.

**Second**, the exhibits should not be noticed for the independent reason that they are irrelevant to the question before the Court on reconsideration: whether the August 19 Order's assignment of enforcement to PHMSA conflicts with the Pipeline Safety Act. Courts regularly decline to judicially notice irrelevant documents, even where they might otherwise qualify. *See Arbib v. Nationstar Mortg. LLC*, No. 14CV1439-WQH-DHB, 2014 WL 6612414, at *8 (S.D. Cal. Nov. 19, 2014) ("A court need not take notice of irrelevant material.") (citing *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n. 2 (9th Cir. 2006)); *cf. 1-800-411-Pain Referral Serv., LLC v. Otto*, 744 F.3d 1045, 1063 n.13 (8th Cir. 2014) (courts must "avoid admitting evidence, through the use of judicial notice, in contravention of the relevancy, foundation, and hearsay rules").

## III. CONCLUSION

For the foregoing reasons, Sable respectfully requests that the Court sustain its objection, decline to take judicial notice of California's exhibits, and disregard Part III of the Reply and the RJN exhibits as improper.

Dated: October 7, 2026

Respectfully submitted,

By: /s/ *Nicholas McDaniel*

BABST CALLAND
Nicholas McDaniel (*pro hac vice*)
*nmcdaniel@babstcalland.com*
505 Ninth St., NW, Suite 602
Washington, DC 20004
Telephone: +1 202.853.3455

Facsimile: +1 202.853.3491

LATHAM & WATKINS LLP
Jessica Stebbins Bina (Bar No. 248485)
*jessica.stebbinsbina@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: +1 424.653.5500
Facsimile: +1 424.653.5501

HOLLAND & KNIGHT LLP
James W. Noe (*pro hac vice*)
*jim.noe@hkklaw.com*
Rafe Peterson (*pro hac vice*)
*rafe.peterson@hklaw.com*
800 17th Street N.W., Suite 1100
Washington, D.C. 20006
Telephone: +1 202.469.5525

*Attorneys for Sable Offshore Corp. and Pacific Pipeline Company*