ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
KENNETH A. KLUKOWSKI
Senior Counsel
STEFAN J. BACHMAN (DC Bar Number 90008649)
Email: stefan.bachman@usdoj.gov
Senior Attorney
Energy and Natural Resources Division
United States Department of Justice
150 M Street, N.E., Room 2.900
Washington, DC 20002
Tel: (202) 598-9566
*Counsel for United States of America*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PLAINS ALL AMERICAN PIPELINE, L.P. et al.,<br><br>Defendants. | Case No. 2:20-cv-02415-SVW-SSC<br><br>**UNITED STATES' JOINDER TO SABLE OFFSHORE CORP. AND PACIFIC PIPELINE COMPANY'S OPPOSITION TO CALIFORNIA OFFICE OF THE STATE FIRE MARSHAL'S REQUEST FOR JUDICIAL NOTICE AND OBJECTION TO PART III OF REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION; OBJECTION TO PART I, PARAGRAPH 3 OF REPLY IN SUPPORT OF MOTION**<br><br>Date: October 19, 2026<br>Time: 1:30 pm<br>Judge: Hon. Stephen V. Wilson |

The United States joins in Sable Offshore Corporation and Pacific Pipeline Company ("Sable")'s opposition to the California Office of the State Fire Marshal's request for judicial notice and objection to Part III of the Fire Marshal's reply brief. (Dkt. No. 97). For the reasons set forth in Sable's brief, the United States requests that the Court deny the Fire Marshal's request for judicial notice (Dkt. No. 96) and decline to consider the arguments in Section III of the Fire Marshal's reply brief (Dkt. No. 95).

The United States also objects to Part I, Paragraph 3 of the Fire Marshal's argument in reply. Dkt. No. 95 at 2–3. The Fire Marshal's motion for reconsideration merely recited the boilerplate legal standard for reconsideration under Local Rule 7-18. *See* Dkt. No. 87-1 at 2–3. The motion did not explain how it met the prerequisites for relief under the Local Rules, and it certainly did not assert that the Fire Marshal first learned from the Court's August 19 order that the Court might modify the consent decree without resolving the jurisdictional status of two segments of the Santa Ynez Pipeline. *See id.* at 3–4. Yet Paragraph 3 now advances that new argument and invokes "reasonable diligence" as a basis for reconsideration under the Local Rules. Because these arguments were not presented in the underlying motion, the Court should disregard Paragraph 3.[1] *See United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894–95 (1990)).

---

[1] Moreover, the premise of the Fire Marshal's argument is incorrect: the United States identified the Secretary of Energy's Defense Production Act Order as a basis for modification in several prior filings. Dkt. No 49 at PageID 1391, 1393–94; Dkt. No. 60 at PageID 2155–56.

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
KENNETH A. KLUKOWSKI
Senior Counsel

/s/ *Stefan J. Bachman*
STEFAN J. BACHMAN (DC Bar No. 90008649)
Email: stefan.bachman@usdoj.gov
Senior Attorney
Energy and Natural Resources Division
Environmental Enforcement Section
United States Department of Justice
150 M Street, NE, Room 2.900
Washington, DC 20002
(202) 598-9566